UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS, | No. 1:24-cv-00847 GSA (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| M.D. ISMAIL PATEL, | |
| Defendant. | 42 U.S.C. § 1997e(a) |
| | PLAINTIFF'S SHOWING OF CAUSE DUE **AUGUST 9, 2024** |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies prior to filing his complaint. He will be given fourteen days to do so.

I. THE COMPLAINT

Plaintiff, an inmate at Kern Valley State Prison ("KVSP") names Ismail Patel, a doctor at KVSP, and one Jane Doe and one John Doe as defendants in this action. ECF No. 1 at 1-3. He contends that his constitutional rights were violated when, after prison officials failed to take him

1

to his scheduled colonoscopy exam stating that Plaintiff had refused treatment, Defendant failed to reschedule the exam. Id. at 4. He seeks declaratory and injunctive relief, compensatory and punitive damages, and any other relief to which he may be entitled. Id.

## II   APPLICABLE LAW:  THE EXHAUSTION REQUIREMENT

### A. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

At the same time, however, "a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading." Jones, 549 U.S. at 215. Exhaustion is not a jurisdictional requirement for bringing an action. See Woodford, 548 U.S. at 101.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

2

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

      B.   California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested. "The California prison grievance system has two levels of review. See Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively). An inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011)) (repealed); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

III.   DISCUSSION

As stated above, federal law requires that prisoner litigants exhaust all administrative remedies prior to filing their complaints in federal court. See 42 U.S.C. § 1997e(a); Rhodes v.

1  Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative
2  remedies . . . before that complaint is tendered to the district court."). There are few exceptions to
3  this rule. See Ross, 578 U.S. at 643-44 (exceptions to exhaustion requirement).
4        The filing of a grievance serves to give a prison notice of the problem that a prisoner
5  would like to have resolved. See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010);
6  Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013). Additionally, the purpose of the
7  exhaustion requirement is to give corrections officials both the time and the opportunity to
8  address complaints internally before a federal case is started. Porter v. Nussle, 534 U.S. 516,
9  524-25 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Nussle).
10       In the complaint, in response to the question of whether Plaintiff has exhausted his
11 administrative remedies, he states that he has not. See ECF No. 1 at 3. However, in an
12 attachment to the complaint labeled "Verified Complaint for Damages and Injunctive Relief"
13 which further explains Plaintiff's claims (see id. at 5-18), he states that he has exhausted his
14 administrative remedies before filing this complaint "with an ongoing internal affairs
15 investigation on the action requested" (id. at 5).        Plaintiff's contradictory statements on the
16 exhaustion question need further clarification as Plaintiff's participation in a related internal
17 affairs investigation does not, by itself, satisfy the exhaustion requirement. Panaro v. City of N.
18 Las Vegas, 432 F.3d 949, 953 (9th Cir. 2005) (stating same). Furthermore, it is unclear what
19 Plaintiff means by this.
20       Thus, based on Plaintiff's confusing responses on the exhaustion question, the Court
21 makes a tentative finding that Plaintiff has failed to exhaust his administrative remedies and as
22 such this matter should be summarily dismissed. However, prior to recommending dismissal of
23 this action, Plaintiff will be ordered to show cause why it should not be. In the showing of cause,
24 Plaintiff should inform the Court why he believes his case should not be dismissed for failure to
25 exhaust administrative remedies prior to filing his complaint.
26       Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this
27 order – **by August 9, 2024**, – Plaintiff shall SHOW CAUSE why this matter should not be
28 SUMMARILY DISMISSED for failure to exhaust administrative remedies prior to filing this

matter in this Court.

**Plaintiff is cautioned that absent exigent circumstances, no requests for extensions of time to respond to this order will be granted.**

**Plaintiff is also cautioned that failure to timely respond to this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **July 26, 2024**                               **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE