UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. ISMAIL PATEL,<br><br>　　　　Defendant. | No. 1:24-cv-00847 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING PRISON'S RETURN OF MISAPPROPRIATED FILING FEES<br><br>(ECF No. 12) |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before this Court is Plaintiff's motion which requests that filing fees that prison officials have allegedly misappropriated be returned to him. See generally ECF No 12. For the reasons stated below, the Court will deny Plaintiff's motion.

　　　　In Plaintiff's filing fee motion, he appears to allege that improper amounts are being taken from his prison trust fund account by prison officials at Kern Valley State Prison in order to pay the filing fee in this case. See generally ECF No. 12.  Although the motion is somewhat difficult to read, Plaintiff appears to be requesting the Court to order that prison officials stop removing improper amounts from his trust account and that the improperly taken funds be returned to him. See id.

1

"[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under [S]ection 1983 if the state has an adequate post-deprivation remedy." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (brackets added) (citing Hudson v. Palmer, 468 U.S. 517, 53 (1984)). California law provides adequate post-deprivation remedies for property deprivation. See generally Cal. Gov't Code §§ 810-895. Therefore, Plaintiff's allegation of improper fund deduction is not an actionable claim under Section 1983. For this reason, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

Plaintiff's motion requesting that the prison officials at Kern Valley State Prison be ordered to stop misappropriating funds from his trust account and to return improperly taken funds to him (see ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated:   **January 2, 2025**              /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE