UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DION LEWIS, | No. 1:24-cv-00847 GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RETURN OF MISAPPROPRIATED FILING FEES |
| v. | |
| M.D. ISMAIL PATEL, | (ECF No. 14) |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion which, in the pleading caption requests that his "misappropriated" filing fees be returned to him.[1]  See ECF No. 14. This is Plaintiff's second request that these fees be returned to him. See ECF No. 12. For the reasons stated below, the instant motion will be denied.

A review of the docket indicates that on January 2, 2025, the Court denied Plaintiff's first

---

[1] Although Plaintiff has titled the motion, "order to forward plaintiff civil complaint and motion requesting misappropriated filing fees with all attached exhibits" (see ECF No. 14 at 1), Plaintiff makes no specific request for a copy of his complaint in it (see generally id.). Therefore, the Court does not address this issue herein. However, if it is a request that the Court screen the complaint, Plaintiff is advised that his complaint will be screened in due course.

1

1  request for the return of his filing fees.  See ECF Nos. 12, 13 (Plaintiff's motion for return of fees;
2  Court's denial of same, respectively).  As with Plaintiff's first motion, the instant one also alleges
3  that Kern Valley State Prison is misappropriating his filing fee.  Compare ECF No. 12 (Plaintiff's
4  first motion requesting return of "misappropriated" filing fee), with ECF No. 14 at 2 (instant
5  motion alleging same).

6  Plaintiff's first motion requesting the return of filing fees was denied on the grounds that
7  Plaintiff had other means within the prison to obtain a remedy for this alleged improper
8  deprivation of property.  See ECF No. 13 at 2 (order denying motion for return of fees).  This fact
9  is still true.  Furthermore, this request is duplicative of Plaintiff's first request.

10  Finally, to the extent that Plaintiff's motion could be construed as a motion for injunctive,
11  relief, an injunction under Rule 65 binds only "the parties to the action," their "officers, agents,
12  servants, employees, and attorneys," and "other persons who are in active concert or
13  participation."   Fed. R. Civ. P. 65(d)(2)(A)-(C).   Even assuming KVSP Trust Office staff are
14  "in active concert or participation" with defendants, the Court lacks jurisdiction over them
15  because defendants have not been served and there is no operative complaint.  See Zepeda v.
16  I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has
17  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not
18  attempt to determine the rights of persons not before the court.")   In light of the above,
19  Plaintiff's motion will be denied.

20  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion which requests that his
21  filing fees be returned to him (see ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated:   **August 20, 2025**                     **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE